E-FILED
Wednesday, 04 April, 2018 11:02:09 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNY T. SOUTHARD, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-3296 |
| ACH MEDICAL, et al., et al. | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from his detention in the Sangamon County Jail. He is now incarcerated in Graham Correctional Center.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he had nasal surgery in 2016 and that he needs one or more follow-up surgeries to enable him to breathe properly. He alleges that Defendants have refused to authorize the surgery.

To the extent Plaintiff seeks nasal surgery, he can no longer pursue that relief from Defendants because Plaintiff is no longer incarcerated in the Sangamon County Jail. To the extent Plaintiff seeks money damages, his factual allegations must allow a plausible inference of deliberate indifference to a serious medical need. Deliberate indifference is the conscious disregard of a substantial risk of harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Malpractice or a difference of opinion is not enough. *See* Petties v. Carter, 836 F.3d 722, 729 (7th Cir. 2016)("evidence that

some medical professionals would have chosen a different course of treatment is insufficient to make out a constitutional claim.").

The facts currently alleged do not allow an inference of deliberate indifference to a serious medical need. Plaintiff does not adequately describe his current condition or say what kind of surgery he had, how he knew that he needed more surgeries, what kind of surgeries he needed, how he communicated his symptoms and medical needs to each defendant, and how each defendant responded. Plaintiff also does not say how long he was in the Sangamon County Jail. The Court is aware from Plaintiff's other pending cases and from Plaintiff's trust fund ledgers in this case that he has moved back and forth from the Jail to the IDOC. A short-term, temporary stint in the Jail would arguably not allow the medical work-up required to evaluate Plaintiff's need for surgery or to schedule that surgery.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a federal claim.

2) Plaintiff may file an amended complaint by April 30, 2018. If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g). If Plaintiff files an amended complaint, the amended complaint will replace the original complaint. Piecemeal amendments are not permitted.

ENTERED: April 4, 2018

FOR THE COURT:

                                  **s/Sue E. Myerscough**
                                  SUE E. MYERSCOUGH
                       UNITED STATES DISTRICT JUDGE